UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERTO JESUS CAMPOS MEDINA,

Petitioner,

v. Case No.: 2:26-cv-02844-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al*,

Respondents.
_____________________________________/

**OPINION AND ORDER**

Before the Court are Alberto Jesus Campos Medina's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Campos Medina's reply (Doc. 7).

Campos Medina is a native of Venezuela who lawfully entered the United States on September 7, 2016, with a B-2 visa. He has a pending asylum application, employment authorization, and no criminal history. He works full-time as a server and filed federal income tax returns. On June 15, 2026, roving Border Patrol agents arrested Campos Medina because of his immigration status. Immigration Judge Jennifer Mazza conducted a custody redetermination hearing on July 13, 2026. Campos Medina claims—and the government does not dispute—that the record was incomplete because DHS

failed to produce Campos Medina's asylum file. Judge Mazza denied release on bond with a generic order:

> Respondent failed to demonstrate that they do not present a risk of flight. See Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 206) and Matter of R-A-V-P-, 27 I&N Dec. 803 (BIA 2020).

(Doc. 6-1 at 8). Immigration Judge Frank Pimentel denied Campos Medina's request for a second bond hearing with another generic order:

> Following what appears to be a common but abusive practice in this Court, and rather than appealing an adverse bond decision, Respondent seeks a second bond hearing based on alleged "changed in circumstances." Respondent could have, but failed to, present the "new" evidence at his prior hearing. Accordingly, a second motion for bond redetermination is not warranted.

(Doc. 6-1 at 10).

Campos Medina claims his detention violates the Due Process Clause of the Fifth Amendment. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e)—it cannot reweigh evidence or otherwise review Judge Mazza and Judge Pimentel's discretion. But Campos Medina also states a bona fide constitutional claim challenging the adequacy of the process he received. The government's response contains no due process analysis and instead rests on the fact that a bond hearing was held.

Because Campos Medina's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom

from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, *ignored an important aspect of the issue*, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The evidence before the Court demonstrates that Judge Mazza denied bond without considering the relevant evidence, and Judge Pimentel refused to conduct a second hearing when the evidence became available. The government does not argue otherwise. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Campos Medina's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Alberto Jesus Campos Medina's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Campos Medina and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 4, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record